IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

DENNIS M. WILLIAMS,

Defendant.

Action No. 3:10–CR–130

## **MEMORANDUM OPINION**

This matter comes before the Court on Defendant Dennis Williams's appeal of his conviction for reckless driving following a bench trial before a Magistrate Judge (Dock. No. 13). For the reasons stated below, the Court GRANTS the appeal and REVERSES the conviction.

### **I. BACKGROUND**

On the foggy morning of December 14, 2009, Defendant Dennis Williams was driving a bus up a hill on the property of Fort A.P. Hill in Virginia, a location within the special territorial jurisdiction of the United States, when he was pulled over by Officer Ken Delano, who at that moment was using his stationary radar to patrol for speeding vehicles. Due to the hill and the foggy conditions, Officer Delano was unable to see the bus which the radar indicated was traveling 49 miles per hour ("MPH") in a 25 MPH zone. After the bus crested the hill and passed Officer Delano, he pulled it over, approached Williams, and informed him of his speed. Williams responded that "he was only doing 35 and his bus could not do 49 [MPH]." (Trial Tr. 18.) Williams also asked to see the radar unit, however, Officer Delano denied the request. (Trial Tr. 18-19.)

Following this incident, the United States charged Williams in a one-count Criminal

Information with reckless driving in violation of 18 U.S.C. § 13, which assimilates Va. Code § 46.2-862. Williams pled not guilty and on April 13, 2010, a bench trial was held before United States Magistrate Judge Dennis W. Dohnal. Officer Delano was the Government's first and only witness. During this testimony, the Government offered into evidence two certificates showing the calibration of Officer Delano's radar unit as well as two certificates showing the calibration of the tuning forks used to test his radar. (Williams Reply, Ex. 1(Trial Exs. 5, 6, 8, 9).) Williams objected, asserting that the documents were not properly certified or supported by a qualified witness. The court heard brief argument on the issue and overruled the objection. (Trial Tr. 18-19.)

Following the testimony of Officer Delano, Williams testified as did another bus driver that was driving behind Williams the morning he was pulled over. Both individuals testified that they were going no more than 30 MPH primarily because the buses could not go any faster. (Trial Tr. 32, 45-46.)

At the close of the evidence, the court found Williams guilty. He thereafter timely filed this appeal, asserting that it was error to admit the certificates of calibration because they lacked the proper foundation under the business records hearsay exception provided by Rule 803(6) of the Federal Rules of Evidence.

## II. STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402; see also Fed. R. Crim. P. 58(g)(2)(B). "The scope of the appeal is the same as in an appeal to the court of appeals

from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). As such, this Court "review[s] evidentiary decisions for an abuse of discretion, but legal conclusions concerning the Rules of Evidence or the Constitution de novo." United States v. Rivera, 412 F.3d 562, 566 (4th Cir. 2005). A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005).

### III. DISCUSSION

The sole question presented in this appeal is whether the Magistrate Judge erred by admitting in evidence the calibration certificates offered by the Government to verify the accuracy of the tuning forks and the radar that detected Williams's speed. To be admitted in evidence, certificates verifying the accuracy of equipment or its regular maintenance must, like all other types of out of court statements, qualify as non-hearsay or fit under a hearsay exception. Rule 803(6)[1] of the Federal Rules of Evidence excepts from the hearsay rule records kept in the course of a regularly conducted business activity, if it is within the regular practice of that business activity to keep such records. Fed. R. Evid. 803(6). To lay

---

[1] Fed. R. Evid. 803 states:
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . . .
> (6) Records of Regularly Conducted Activity.-A memorandum, report, record, or data compilation, . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . .

Fed. R. Evid. 803(6).

3

the foundation for the admissibility of such evidence, the records' proponent must establish that the records: (1) were made contemporaneously with the act; (2) by a person with knowledge; (3) in the regular course of business; and, (4) that it was the regular practice of the business to keep such records. Id.

Either "the custodian or other qualified witness" may lay the foundation for the records' admission.[2] Id.; see United States v. Sofidiya, No. 97-4681, 1998 WL 743597, at *3 (4th Cir. Oct. 23, 1998). The Government cannot contend that Officer Delano was the custodian of the records,[3] thus the issue here is whether the officer was a "qualified witness" under Fed. R. Evid. 802(6). Courts interpret the term "qualified witness" broadly, requiring only someone familiar with the creation and maintenance of the records. Sofidiya, 1998 WL 743597, at *3; United States v. Hernandez, Nos. 98-4378, 98-4388, 1998 WL 841504, at *3 (4th Cir. Dec. 7, 1998); Rambus, Inc. v. Infineon Tech. AG, 348 F. Supp. 2d 698, 702-03 (E.D. Va. 2004). An "otherwise qualified witness" may lay the foundation for a record's introduction despite lacking personal knowledge of the preparation of the record, but he or she must be familiar with the creation and record keeping procedures of the organization in order to establish the record's trustworthiness. United States v. Jenkins,

---

[2] In the absence of live testimony, Rule 902(11) acts as "the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6)," permitting a declaration by the records' custodian or a qualified witness to verify authenticity. Rambus, Inc. v. Infineon Tech. AG, 348 F. Supp. 2d 698, 701 (E.D. Va. 2004); see Fed. R. Evid. 902(11). There exists no such declaration with respect to the certificates at issue in this case.

[3] Although the Government asked Officer Delano during the trial if he was the custodian of the records to which he responded in the affirmative, this testimony fails to establish that the officer is indeed the custodian of the records for the A.P. Hill Police Department.

345 F.3d 928, 935-36 (6th Cir. 2003) (citing Dyno Constr. Co. v. McWane, Inc., 198 F.3d 567, 575-76 (6th Cir. 1999)); Hernandez, 1998 WL 841504, at *2; United States v. Porter, 821 F.2d 968, 977 (4th Cir. 1987) (finding that a security guard who merely had access to company files but did not know how the records were created or the record keeping requirements of the company was not a custodian or an "otherwise qualified witness").

Williams asserts that Officer Delano was not a "qualified witness" under Rule 803 because no proper foundation was laid to determine if he was familiar with or had any knowledge of the record keeping system of the Fort A.P. Hill police department. Williams reasons that no evidence or questions were submitted to the Officer to determine if he could explain that system to the court. For support, Williams relies on United States v. Christie, No. 09-mj-433, 2009 WL 4499124 (E.D. Va. Dec. 3, 2009). In Christie, the Government attempted, through the testimony of the officer involved in the traffic stop, to offer the same certificates verifying the accuracy of the tuning forks used to calibrate the officer's radar as used in this case. Id. at *1. Also like this case, none of the certificates bore the certification of the custodian of the police department's records. Id. at *1 n.1. Faced with an objection from the defendant, Judge Lauck concluded that the Government failed to lay a sufficient foundation to render the officer an "other qualified witness." Id. at *6. The court reasoned that the officer offered no testimony to establish that he was familiar with the military police force's creation and maintenance of the certificates—no testimony was offered that the agency created the certificates contemporaneously with testing or that they were made by a person with knowledge at the time of testing. Id.; see also United States v. Bacas, 662 F. Supp. 2d 481, 486-87 (E.D. Va. 2009) (Lauck, J.) (holding that

5

arresting officer was not a "qualified witness" to lay the foundation for the admission of uncertified calibration certificates). The court further noted that the officer did not conduct the calibration of the tuning forks, but only knew that the tuning forks were calibrated by a technician. Christie, 2009 WL 4499124, at *6.

The Government contends, however, that it did elicit testimony from Officer Delano to lay the foundation for introduction of the certificates under the business records exception. The record reflects that it asked the Officer if the certificates were kept in the course of a regularly scheduled business activity and if the Officer was the custodian of the records. Officer Delano answered each question in the affirmative. The Government also asserts that like Bacas and unlike in Christie, the certificates proffered by Officer Delano were certified with a signature and notary verification and thus satisfied the business records exception.

In his reply, Williams claims that the Government has again misrepresented the state of the law in this area. At trial, Williams notes that the Assistant United States Attorney ("AUSA") represented to the court that "Your Honor, I can tell you that under the United States v. Backus [sic] case that was decided by Judge Lauck, that it was determined that the officer of it was determined to be a business record, was a proper custodian to introduce it in court." (Trial Tr. 19-20.) In fact, Judge Lauck held the exact opposite, Williams avers. And in its response brief, the Government, according to Williams, claimed that generalized testimony regarding who created the certificates is sufficient to lay a foundation for the business records exception, however, Williams professes that Bacas stated that laying the proper foundation requires testimony about the record keeping

6

practices, which he says, was not offered here.

The decision to admit the calibration certificates in this case was legally erroneous. First, despite the Government's contentions to the contrary, the certificates in this case were not "certified with a signature and notary verification" like the one discussed in Christie. Although the certificates have indeed been notarized by Virginia Communications, the company that completed the calibration, the certificate does not bear the certification of the custodian of records at the Fort A.P. Hill police department, which is actually the type of certification the court yearned for in Christie and Bacas. Second, the Government's attempt to rely on Officer Delano's testimony discussing his own calibration of the radar does not actually address Williams's hearsay objection to the calibration certificates, which were created by Virginia Communications. Third, while the Government proffered Officer Delano as the custodian (Trial Tr. 15), it is clear that this arresting officer is not a custodian of the records at the Fort A.P. Hill police department or at least no testimony was offered to support that conclusion. Accordingly, because the certificates lack certification and the custodian of records did not testify at trial, the calibration certificates must have been introduced through the testimony of an "other qualified witness." See Fed. R. Evid. 803(6); 902(11).

The Government, however, failed to establish Officer Delano as an "other qualified witness" under Rule 803(6). The generalized questions the Government posed to Officer Delano did not elicit any substantive testimony establishing that he was familiar with the military police force's creation and maintenance of these certificates. This deficiency was compounded by the AUSA's representation to the court that Bacas held that the officer in

7

that case had been found to be a proper custodian (Trial Tr. 19-20), when in fact, that was not the case. See Bacas, 662 F. Supp. 2d at 486-87. Therefore, in the opinion of this Court, which admittedly has the advantage of briefing by the parties and the comfort of Chambers, rather than the constraints of a trial, the certificates should have been excluded because they were not supported by a proper foundation under Rule 803(6) of the Federal Rules of Evidence.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that the Magistrate Judge abused its discretion by admitting the calibration certificates introduced to support the United States' evidence that Williams was speeding. Accordingly, Williams's conviction is REVERSED. An appropriate order shall issue.

Let the Clerk send a copy of this Memorandum to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  14th  day of July 2010